
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 27 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANCISCO MALDANADO ANCELMO, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-827-A |
| | § | (NO. 4:15-CR-129-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Francisco Maldanado Ancelmo ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. In response to the motion, the government has filed a motion to dismiss the § 2255 motion as untimely filed. Having considered such motion, movant's response, pertinent parts of the record in Case No. 4:15-CR-129-A, styled "United States of America v. Humberto Macedo, et al.," and applicable authorities, the court has concluded that the government's motion to dismiss should be granted.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On February 2, 2016, movant was named in a second superseding indictment charging him in Count One with conspiracy

to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 236. Movant was tried and found guilty by a jury. CR Doc. 288. On August 19, 2016, he was sentenced to a term of imprisonment of 260 months, to be followed by a five-year term of supervised release. CR Doc. 406. Movant did not appeal.

On April 26, 2017, movant filed a pro se motion to file out of time direct appeal. CR Doc. 465. The court ordered movant's counsel to file a response to the motion. CR Doc. 466. After reviewing counsel's response, CR Doc. 468, the court denied the motion. CR Doc. 469. In its order, the court specifically admonished movant:

> Because it appears that [movant] is claiming that his counsel failed to file a notice of appeal on his behalf after [movant] requested him to do so, and that relief might potentially be available through a motion under 28 U.S.C. § 2255, the court is directing the clerk to mail to [movant] an appropriate form for the filing of such a motion.

Id. at 1. Movant filed a motion for reconsideration, CR Doc. 478, which was denied. CR Doc. 479. Because the motion was titled "Defendant's PRO-SE Motion for Reconsideration and/or NOTICE OF APPEAL of Order Dated 5/3/17," it was transmitted to the United States Court of Appeals for the Fifth Circuit as a notice of

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-129-A.

appeal. The appeal was dismissed for lack of jurisdiction. CR Doc. 509. The Fifth Circuit denied movant's motion for reconsideration. CR Doc. 515. Movant continued to file motions, mostly complaining of his counsel. CR Docs. 495, 499, 506, 507, 508.

On December 29, 2017, movant filed "Defendant's PRO-SE Motion for EVIDENTIARY HEARING to Determine If Level of Attorney Representation Was Adequate in Accordance With Constitutional Standards." CR Doc. 516. The court denied the motion. CR Doc. 517. Movant appealed. CR Doc. 521. The Fifth Circuit reversed the court's order denying relief and remanded the matter for further proceedings, instructing that the court should comply with Castro v. United States, 540 U.S. 375, 381-83 (2003), by notifying movant that it intended to recharacterize his motion as one under § 2255 and giving him an opportunity to withdraw it. CR Doc. 540. The Fifth Circuit stated that it expressed no opinion as to the merit of movant's claims or the timeliness of them. Id. By order signed September 13, 2018, the court gave movant the notice required and an opportunity to withdraw his motion. CR Doc. 541. Movant did not withdraw the motion. Accordingly, by order signed October 9, 2018, the court directed the clerk to docket the motion as one brought pursuant to § 2255. CR Doc. 543.

II.

## Ground of the Motion

As best the court can tell, the gist of movant's motion is that his counsel, Richard Carrizales, suffered from a medical condition that diminished his mental capacity and affected his representation of movant. Further, had movant been provided competent representation, the "outcome could/would have been different." Doc.[2] 1 at 4.

III.

## Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before

5

examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

A one-year limitation period applies to the filing of a motion under § 2255. The limitation period runs from:

(1) the date on which the judgment of conviction becomes final;

6

>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's judgment of conviction became final on September 2, 2016, when his time for filing an appeal expired. Fed. R. App. P. 4(b)(1) (in a criminal case, the notice of appeal must be filed within fourteen days after entry of judgment). The present motion was not filed until December 29, 2017, more than three months after the one-year deadline.

Movant has not sought equitable tolling; nor would it be available to him. See Holland v. Florida, 560 U.S. 631, 649 (2010)(equitable tolling is available only if the movant shows (1) he has been diligently pursuing his rights, and (2) some extraordinary circumstance stood in his way and prevented him from timely filing his motion); United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000)(equitable tolling primarily applies where movant was actively misled by the government). Here, as in United States v. Perkins, 481 F. App'x 114, 118-19 (5th Cir.

2012), rather than misleading movant, the court informed him of the proper vehicle to raise his ineffective assistance claims long before the expiration of the limitations period. By its order of May 3, 2017, the court notified movant that his claims should be raised by § 2255 motion and directed the clerk to send him the proper form for pursuing such a motion. CR Doc. 469. Movant does not dispute that he received the order and the form. That movant failed to timely file his motion is not the fault of the government or anyone else.[3] He did not face any impediment to the timely filing of his motion.[4]

The motion is untimely; accordingly, the court need not reach the merits.

V.

Order

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

---

[3] That movant has pending a motion for extension of time in which to file amended pleadings does not affect the timeliness of his § 2255 motion.

[4] The record reflects that movant is a prolific filer, his claimed limitations in English notwithstanding. Doc. 10 at 3.

ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 27, 2018.

_____
JOHN McBRYDE
United States District Judge